Evaleen M. Davis
Texas State Bar No. 03230300
101 E. Park Blvd., Suite 600
Plano, Texas 75074
214.769.0019
972.380-4539(fax)
lawbyevy@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | |
|---|---|
| JAMES G. STANFORD, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § No. _____ |
| | § |
| GENWORTH FINANCIAL AGENCY, INC., | § |
| EDWARD D. JONES & CO., L.P., and | § |
| JAL R. DENNIS, | § |
| | § |
| Defendants. | § |

## COMPLAINT

To the Honorable Judge:

James G. Stanford, pursuant to section 10(b) of Title 15 and 17 C.F.R. § 240.10b-5, files this Complaint against Genworth Financial Agency, Inc. ("Genworth"), Edward D. Jones & Co., L.P. ("Edward Jones"), and Jal R. Dennis ("Dennis"), and respectfully shows the court as follows:

I.

James G. Stanford ("Plaintiff") is an individual residing in Collin County, Texas.

II.

Defendant Genworth is a foreign corporation. Service of summons and complaint may be made upon Genworth through its registered agent, Corporation Service Company, 211 E. Seventh

No. 32-JC-10-201

Street, Suite 620, Austin, Texas 78701-3218.

III.

Defendant Edward Jones is a foreign limited partnership. Service of summons and complaint may be made upon Edward Jones through its registered agent, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

IV.

Defendant Dennis is an individual residing in Collin County, Texas. Service of summons and complaint may be made upon Dennis at his home, 811 Crestview Lane, Wylie, Texas 75098-5423, or his office, 501 W. Brown St., Suite 100, Wylie, Texas 75098.

V.

Venue in this matter is proper in this judicial district under section 1391(b)(2) of Title 28, because a substantial part of the events or omissions giving rise to the claim occurred in this district.

VI.

Statement of Facts

In March 2007, when Plaintiff was 76 years old and in failing health, Plaintiff applied for an annuity through Dennis, Edward Jones, and Genworth. Contract number 3898513 was issued on shortly thereafter after Plaintiff paid a single premium of $300,000. At the time, Plaintiff was 76 years old. The annuity was to terminate on Plaintiff's death, at which time the entire principal amount would be forfeited to the underwriter. Defendants failed to so inform Plaintiff, who is blind in one eye. Plaintiff learned of these characteristics in March 2011.

No. 32-JC-10-201

VII.

Law

Rule 10b-5 provides that it is unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, to employ any device, scheme, or artifice to defraud; to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; in connection with the purchase or sale of any security. 17 C.F.R. § 240.10b-5.

"Material" is defined as an omitted fact a reasonable investor is substantially likely to consider important in deciding whether to invest. *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449, 96 S. Ct. 2126 (1976).

VIII.

Plaintiff now is 83 years old. He will need to survive another four years to receive back only his principal.

IX.

CAUSES OF ACTION

Securities Violation

The annuity Defendants sold Plaintiff is clearly unsuitable. Defendants failed with respect to their duty to understand Plaintiff's risk tolerance, his tax considerations, his prior experiences and appetite for risk, and the level of return desired. Defendants failed their duty to make

No. 32-JC-10-201

recommendations that are appropriate and suitable given Plaintiff's circumstances. Defendants are liable to Plaintiff. All conditions precedent to recovery have occurred.

X.

Texas Deceptive Trade Practices Act

Plaintiff realleges and incorporates the allegations contained above to the extent that they are not inconsistent herein.

XI.

Defendants represented that the annuity has specific characteristics, uses, and benefits that it did not have. Further, Defendant's represented that the annuity conferred or involved rights, remedies or obligations which it does not have or which are prohibited by law. Defendant failed to disclose information concerning the annuity which was known to them at the time of the transaction. Defendant's concealed this information with the intent to induce Plaintiff into the annuity which Plaintiff would not have made had the information been disclosed. Defendant's conduct was committed knowingly, entitling Plaintiff to treble damages.

XII.

Fraud

Defendants made material representations to Plaintiff that were false. Defendants knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth. Defendants intended to induce Plaintiff to act upon the representation. Plaintiff actually and justifiably relied on the representation, which caused him injury. *Ernst & Young, L.L.P. v. Pacific Mutual Life Insurance Co.*, 51 S.W.3d 573, 577 (Tex. 2001). Plaintiff is entitled to compensatory

No. 32-JC-10-201

and punitive damages.

XIII.

Declaratory Judgment

An actual controversy exists. The controversy is substantial and concrete, touches the legal relations of parties with adverse interests, and Plaintiff seeks specific relief through a decree of conclusive character. Plaintiff has standing. An "immediate and definite" policy continues to affect Plaintiff's interests. Plaintiff is entitled to a judgment declaring the investment unsuitable. 28 U.S.C. §§ 2201-2202.

XIV.

Attorney Fees

Defendants' conduct made it necessary for Plaintiff to employ attorneys, Evaleen M. Davis and David F. Vedral, to assist Plaintiff in bringing suit. Plaintiff is entitled to recover three times his economic damages, and damages for mental anguish, as well as attorney fees for services rendered and an award of costs.

XV.

Plaintiff respectfully demands a trial by jury.

Premises considered, Plaintiff prays that:

1. Defendant be cited to appear and answer herein;

2. Plaintiff be granted judgment against Defendant for his claim for $300,000, trebled to $900,000;

3. Plaintiff be granted judgment for pre-judgment interest at the maximum rate

No. 32-JC-10-201

permitted by law;

4. Plaintiff be granted judgment for reasonable attorney fees as pleaded herein;

5. Plaintiff be granted judgment for all costs of courts;

6. Plaintiff be granted judgment for post-judgment interest at the maximum legal rate on the total amount of the judgment from the date of judgment until paid;

7. Plaintiff be granted such other and further relief, special or general, legal or equitable, as is just.

Signed on ___June 23___, 2011.

Respectfully submitted,

101 E. Park Blvd., Suite 600
Plano, Texas 75074
214.769.0019
972.380.4539(fax)
lawbyevy@gmail.com

_____
Evaleen M. Davis
Texas State Bar No. 03230300
Attorneys for James G. Stanford